# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER A. SEIFER,

               Petitioner,

v.

               Case No. 16-CV-1465-JPS

UNITED STATES OF AMERICA,

               Respondent.

               **ORDER**

On December 9, 2016, the respondent filed a motion to compel the petitioner's former counsel, whom he his now claiming providing ineffective assistance at trial, to provide affidavit testimony on the subject of the petitioner's habeas motion. (Docket #4). By raising claims of ineffective assistance of counsel, the petitioner has waived the attorney-client privilege as to the communications underlying those claims; his apparent refusal to expressly waive the privilege is baseless. *Jenkins v. U.S.*, No. 09-CV-713-JPS, 2010 WL 145850 *2 (E.D. Wis. Jan. 8, 2010) ("The generally accepted rule is that a litigant that challenges the sufficiency of his attorney's services impliedly waives the attorney-client privilege as to matters relating to those issues. *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175 n. 1 (7th Cir.1995)").

The petitioner will be required to procure the affidavit testimony of his former counsel, Louis Sirkin, as described in the respondent's motion, namely on the subjects of:

    1) the details of any communications that Attorney Sirkin had with petitioner regarding investigating the three potential witnesses and mileage evidence at issue;

2) the details of any investigations that Attorney Sirkin or petitioner performed or caused to be performed as to those witnesses and mileage evidence and of any communications between Attorney Sirkin and petitioner regarding those investigations; and

3) the details of any strategic choices that Attorney Sirkin regarding presenting testimony from any or all of the three witnesses at issue and regarding presenting the type of mileage-documentation evidence that petitioner raises in his Section 2255 petition and of any communications that Attorney Sirkin had with petitioner regarding any such strategic choices.

If such testimony is not procured by **January 10, 2017**, the petitioner's habeas motion will be summarily dismissed by the Court without further notice. The previously stated briefing dates, *see* (Docket #3 at 3-4), are adjusted as follows:

Respondent's Answer due: **February 1, 2017**

If Respondent Answers, Petitioner's Reply due: **March 1, 2017**

If Respondent Files Motion, Petitioner's Response due: **March 1, 2017**

Respondent's Reply in Support of a Motion due: **March 15, 2017**

Accordingly,

**IT IS ORDERED** that the respondent's motion to compel (Docket #4) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the petitioner will procure the affidavit testimony of Louis Sirkin in accordance with the terms of this Order no later than **January 10, 2017**; and

**IT IS FURTHER ORDERED** that the briefing schedule (Docket #3 at 3-4) shall be modified as described in this Order. **No further extensions will be granted.**

Dated at Milwaukee, Wisconsin, this 14th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge