# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRISTOPHER A. SEIFER,<br><br>         Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Case No. 16-CV-1465-JPS<br><br><br><br>**ORDER** |

   On December 14, 2016, the Court granted the respondent's motion to compel (the "Order"). (Docket #5). That same day, the petitioner filed a motion to reconsider the Order. (Docket #7). The Court will also consider his response to the motion to compel, simultaneously filed on December 14, 2016. (Docket #6). The respondent submitted a response to the motion for reconsideration on December 20, 2016, and the petitioner offered his reply the next day. (Docket #8 and #9).

   The Court declines to countermand the Order. Rule 7 of the Rules Governing Section 2255 Proceedings provides that "if the motion is not dismissed [upon the Court's initial screening], the judge may direct the parties to expand the record by submitting additional materials relating to the motion." Fed. R. Sec. 2255 Pro. 7(a). The materials may include affidavits. *Id.* at 7(b). These materials are important because they form the basis of the Court's determination on whether an evidentiary hearing is necessary, as dictated by Rule 8. *See id.* at 8(a). Thus, the Court was duly empowered to issue the Order and it is necessary to the Court's future determinations in this matter.

This conclusion is buttressed by *Lafuente*. There, the Seventh Circuit described the applicable law:

> A § 2255 petitioner is entitled to an evidentiary hearing on his claim where he alleges facts that, if true, would entitle him to relief. A hearing, though, is not required when the files and records of the case conclusively show that the prisoner is entitled to no relief. The district court also has the authority to order discovery or something short of a full-blown hearing to allow an adequate inquiry into a petitioner's claim, or to help the court determine whether a full hearing is necessary.
>
> . . .
>
> We note that a full evidentiary hearing is not the only option available to the district court to resolve the essential disputed facts[.] . . . Rule 6 of the Rules Governing Section 2255 Proceedings provides that a judge may authorize further discovery upon request; Rule 7 authorizes the judge to expand the record without request. Either option provides a relatively straightforward way to resolve the crucial issues of fact that underpin Lafuente's claim.

*Lafuente v. U.S.*, 617 F.3d 944, 946-47 (7th Cir. 2010) (citations and quotations omitted). These holdings show that the Court is entitled to order that more evidence be produced, not only upon a party's request, but on its own accord.

The petitioner argues that Attorney Sirkin's affidavit would be premature. He insists that the Court is bound to give him an evidentiary hearing because he alleges facts sufficient to state claims of ineffectiveness. Essentially, he believes that in deciding whether to hold an evidentiary hearing, the Court is constrained to simply conduct another screening in disguise. This limitation cannot be real, else the above-cited Rules Governing Section Section 2255 Proceedings, and the holdings from *Lafuente*, would be superfluous. This is also seen in the petitioner's more recent citations. *Torres-Chavez* holds that if "'the files and records of the case conclusively show that

the prisoner is entitled to no relief,' or if the allegations are too vague and conclusory, then an evidentiary hearing is unnecessary. 28 U.S.C. § 2255(b); *see Ryan v. United States*, 657 F.3d 604, 606–07 (7th Cir. 2011)." *Torres-Chavez v. U.S.*, 828 F.3d 582, 586 (7th Cir. 2016). Like *Lafuente*, there would be no reason for *Torres-Chavez* to include the first clause of the cited sentence, discussing an evidentiary record, if only the second clause, addressing allegations, was really necessary.

The Court has also limited the required disclosure to those topics raised by the petitioner himself in his motion. *See* (Docket #1 and #1-2); *U.S. v. Pinson*, 584 F.3d 972, 978-79 (10th Cir. 2009). The petitioner fails to point out any particular problem with the terms of the affidavit the Court has ordered him to procure. Instead, he asserts that because some claims might not survive to an evidentiary hearing, either by abandonment or otherwise, the affidavit may be overbroad. This speculation has no bearing on the question which will soon come before the Court, namely whether to grant the petitioner an evidentiary hearing. He cannot hold the Court and the respondent in suspense of his strategic pleading decisions to avoid one of the most basic requirements of an ineffective assistance claim—disclosure of attorney-client communications which are the subject of the litigation. In any event, his motion is not signed by him or accompanied by an affidavit, and without that evidence, the Court would likely be obliged to dismiss the motion. *Kafo v. U.S.*, 467 F.3d 1063, 1067-68 (7th Cir. 2006). It is thus in his interest to obtain Attorney Sirkin's affidavit just as much as the respondent's.

In sum, the petitioner may not "hide the ball" on his claims until the last moment. He cannot in one breath offer no evidence to support his allegations while simultaneously demanding an evidentiary hearing thereon; though the burden on him is "relatively light," it is not imaginary. *See Torres-*

*Chavez*, 828 F.3d at 586. The petitioner must, therefore, produce Attorney Sirkin's affidavit as provided in the Order or his motion will be dismissed.

Accordingly,

**IT IS ORDERED** that the petitioner's motion for reconsideration (Docket #7) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of December, 2016.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge